83.486-01

ESTEBAN H FLOREZ
3060 FM 3514 #1755424
BEAUMONT, TX 77705


ABLE ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
BOX 121308, CAPITOL STATION
AUSTIN, TX 78711


RE: **W-21,873-C-1**:


Dear Mr. Acosta; (Greetings)

　　Please find enclosed a copy of Applicant's Proposed
Findings of Fact and Conclusion of Law to be provided to the
presiding judge of the above stated cause.


Sincerely Thankful;


_~~~~~ 7-1-15_

Esteban H. Florez (Pro Se)


RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 08 2015
Abel Acosta, Clerk

NO. W-21,873-C-1

| | | |
|---|---|---|
| EX PARTE, | § | IN THE 251ST DISTRICT COURT |
| FLOREZ, ESTEBAN HUERTA, | § | IN AND FOR |
| (Applicant) | § | RANDALL COUNTY, TEXAS |

## APPLICANT'S PROPOSED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 2, 2015, the applicant filed the instant writ application in Cause No. W-21,873-C-1. In this application, the applicant raised the following three grounds of relief: (1). ineffective assistance of trial counsel. (2) actual innocence, and (3) ineffective assistance of appellate counsel.

On June 16, 2015, the Criminal District Attorney of Randall County, Texas, filed its State's Answer to Application For Writ of Habeas Corpus, generally denying all allegations contained in the Application For Writ of Habeas Corpus.

The Court having considered the application, Respodent's answer, testimony of trial counsel, and select official court documents and records in Cause No. 21,873-C, makes the following findings of fact and conclusions of law:

1.

## FINDINGS OF FACT

### PROCEDURAL HISTORY:

1. Applicant was indicted for the felony offense of aggravated assault with a deadly weapon in Cause No. 21,873-C, in the 251st Judicial District Court of Randall County, Texas.

2. Applicant was represented by Mr. Jack Swindell, as trial counsel.

3. A jury convicted applicant of aggravated assault with a deadly weapon and assessed punishment at 20 years imprisonment and a $10,000.000 fine.

4. Applicant was represented on direct appeal by ___ERIC COATS___ ;

5. The Seventh Court of Appeals affirmed applicant's conviction in an unpublished opinion delivered January 26, 2012, in Cause No. 07-11-00013-CR.

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL:

6. Applicant alleged that Mr. Jack Swindell provided ineffective assistance of counsel by: (1) failing to challenge for cause and/or strike veniremembers who revealed bias/prejudice against the applicant and/or towards the State's required burden of proof, (2) failing to ask proper questions during voir dire to determine whether or not to use peremptory challenges upon bias/prejudice, incapable, or unfit veniremembers, (3) failing to timely object to an inadmissible extraneous offense statement made by a State's witness during direct examination,

2.

(4) refusing to allow the applicant to testify on his own behalf when applicant requested to do so, and (5) failing to investigate/interview witnesses for defense purposes. (Applicant's Writ Application, p.6-7); (Applicant's Memorandum, p.8-36)

7. Mr. Swindell provided a sworn affidavit addressing each of Applicant's claims of ineffective assistance of counsel. State's Answer, Exhibit-3.

8. THE COURT FINDS Mr. Swindell not credible in regards to his responses to applicant's claims of ineffective assistance of counsel.

9. THE COURT FINDS, in regards to veniremembers, **DUGGAN** and **SHARP**, Mr. Swindell explained the applying law of the State's burden of having to find applicant guilty beyond a reasonable doubt, and both, DUGGAN and SHARP stated clearly that they would still convict applicant on a lesser burden of proof, the "clear and convincing evidence" standard.

10. THE COURT FINDS, Mr. Swindell did not challenge for cause, or strike veniremembers DUGGAN and SHARP based upon their inability to follow the required law pretaining to the State's burden of proof.

11. THE COURT FINDS, although Mr. Swindell had used all his peremptory strikes, he did not request from the court additional strikes to be used against DUGGAN, SHARP, or Mr. THAXTON, who also demonstrated bias/prejudice against applicant. The Court would had granted such requests.

3.

12. THE COURT FINDS, Mr. Swindell, upon asking Mr. THAXTON if it would make a difference (judging the evidence fairly) if he knew in advance that the applicant had been through the system before, Mr. Thaxton answered, "probably."

13. THE COURT FINDS, Mr. Swindell did not challenge for cause and/or strike Mr. Thaxton for his bias and/or prejudice opinion or beliefs, which clearly revealed his opinions or beliefs would prevent or substantially impair his ability to carry out his oath and instruction to not prejudge applicant based on any prior offenses applicant may have committed, in accordance with the law.

14. THE COURT FINDS, although Ms. Donna Garcia testified during direct examination that she knew of a previous time when applicant had assaulted the complainant, Ms. Monica Gomez, Mr. Swindell did not object to such statement being a prejudicial, inadmissible extraneous offense.

15. THE COURT FINDS, based upon Mr. Swindell's own admission, the complainant, Ms. Monica Gomez, nor Ms. Sharon Spakes, were never interviewed by Mr. Swindell prior to trial.

16. THE COURT FINDS, based upon applicant's credible affidavit, Mr. Swindell was informed of the exculpatory facts known by Ms. Spakes, but still failed to interview and/or call her as a defense witness.

17. THE COURT FINDS, based upon applicant's credible affidavit, Mr. Swindell refused to allow applicant to testify in order

4.

to substantiate his self defense claim, even though applicant knew the consequences of him testifying, but still requested to do so.

18. THE COURT FINDS, although Mr. Swindell raised a self-defense theory before the jury, he failed to provide any bases for the court to grant his request for self-defense instructions to the jury by failing to allow applicant to testify.

19. THE COURT FINDS, although the prosecutor mentioned the punishment range to the veniremembers during voir dire, the prosecutor, nor Mr. Swindell, or the court ever asked if any veniremembers could consider the full range of punishment.

20. THE COURT FINDS, altnough the prosecutor mentioned applicant's right not to testify, to the veniremembers, the prosecutor, nor Mr. Swindell, or the court asked whether any veniremembers would hold applicant's decision not to testify against him.

21. THE COURT FINDS, Mr. Swindell did not ask any veniremembers whether they would consider a police officer's testimony more credible than any other witness due to their status as a police officer.

22. THE COURT FINDS, the veniremembers were not provided an opportunity to voice their views regarding whether, (1) they could consider the full range of punishment, (2) they would not hold against applicant if he chose not to testify, and (3) they would consider an officer's testimony more credible due to his status as an officer. The veniremembers were not asked to respond, or voice their opinion in regards to these three questions.   5.

APPLICANT'S ACTUAL INNOCENCE CLAIM

23. THE COURT FINDS, prior to trial, Ms. Gomez provided Mr. Swindell's investigator with a sworn written affidavit asserting that, due to being extremely intoxicated on the night of the alleged assault, she did not remember what actually happened or how she received her injuries.

24. THE COURT FINDS, during trial, however, Ms. Gomez testified that her sworn written statement was false, and that she had lied to keep applicant from getting into trouble.

25. THE COURT FINDS, Ms. Gomez testified that applicant had held her down on the living room couch with a knife to her stomach and neck.

26. THE COURT FINDS, the testimonies of Ms. Gomez, officer Daniel Smith, and officer Ruben Coronadon version of events conflict within each other, whereas, officer Smith claimed to have witnessed applicant pushing Ms. Gomez over the back of a couch with one arm on her chest, while holding a knife in his right hand, and officer Coronadon claimed to have witnessed applicant holding Ms. Gomez up against the front door, while holding a knife in his right hand against the back of Ms. Gomez's head. Both officers claimed to have witnessed their version of events during the same time period, standing next to each other.

27. THE COURT FINDS, although evidence was presented during trial that indicated Ms. Gomez suffered injuries to her face, nose, and head, she also testified that during her attempt to jump out of their moving vehicle, applicant reached over frantically and grabbed her hair, pulling her back into the vehicle. It was indicated there is a reasonable probability Ms. Gomez's injuries occurred from applicant saving her life.

28. THE COURT FINDS, although Ms. Donna Garcia testified she had witnessed applicant and Ms. Gomez struggling and fighting from her kitchen window, Ms. Garcia did not state she witnessed any knife in applicant's hand.

29. THE COURT FINDS, after trial, Ms. Gomez provided applicant's appellate attorney with another sworn written affidavit similiar in content to her first affidavit, except in her second affidavit she asserted that applicant had taken a knife away from her during the period of time when the police officers arrived on the scene and witnessed the incident through the living room window.

30. THE COURT FINDS, the second and last affidavit provided by Ms. Gomez to be credible and considered as newly discovered evidence due to reason it was stated for the first time, within the second affidavit, that applicant had taken the knife away from Ms. Gomez for self defense purposes. The jury was not provided with this exculpatory evidence.

31. THE COURT FINDS, during the submission of applicant's application for writ of habeas corpus, he also submitted his Memorandum in support thereof, providing his voluntary affidavit as Exhibit-A. Applicant's affidavit was not sworn to, nor signed and dated.

32. THE COURT FINDS, applicant filed a Motion to Supplement the Record with a sworn to, signed and dated affidavit, which is identical to his original affidavit. The Court granted his motion and supplemented the records with his sworn to, signed and dated affidavit, which the Court holds credible.

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

33. THE COURT FINDS, applicant was represented on direct appeal by_____ERIC COATS_____.

34. THE COURT FINDS, appellate counsel filed an untimely motion for new trial raising an actual innocence claim in regards to Ms. Gomez's post-trial written statement, asserting she could not remember what actually occurred on the night in question do to her being extremely intoxicated, but believes applicant was trying to take the knife away from her when the police arrived.

35. THE COURT FINDS, this court had no jurisdiction to entertain the untimely filed motion for new trial and did not err by not granting review and/or an evidentiary hearing.

36. THE COURT FINDS, had a timely motion for new trial been presented to the trial court, raising an actual innocence claim based

8.

on Ms. Gomez's post-trial affidavit, the court would had granted a requested evidentiary hearing/review of said motion, whereas, Ms. Gomez's post-trial affidavit asserted newly discovered facts which were not presented at trial, or in Ms. Gomez's pretrial affidavit. Namely, she believed applicant had taken the knife away from her at the time police arrived on the scene. Such self-defense assertions were not presented during the trial on the merits.

## CONCLUSIONS OF LAW

1. The claims asserted by applicant pretaining to ineffective assistance of trial counsel for failure to challenge for cause or strike veniremembers, DUGGAN, SHARP, and/or THAXTON, must be reviewed by the standards enunciated in **U.S. V. CRONIC**, 466 U.S. 648 (1984), whereas, counsel failed to subject the state's case to a meaningful adversary testing process.

2. In the alternative, even if applicant's claim of ineffective assistance of counsel for failure to challenge for cause and/or strike veniremembers DUGGAN, SHARP, and/or THAXTON, is reviewed by the standards enunicated in **STRICKLAND V. WASHINGTON**, 466 U.S. 668 (1984), which requires a reviewing court to determine whether trial counsel's representation: (i) fell below an objective standard of reasonableness; and, if so, (ii) whether applicant was prejudiced by trial counsel's deficient representation, prejudice is presummed for counsel's failure to object to the sitting of at least three bias jurors. **UNITED STATES V. MARINEZ-SALAZOR**, 528 U.S. 305 (2000); **VIRGIL V. DRETKE**, 446 F.3d 598 (5th Cir. 2006); and

9.

**GARCIA V. STATE**, 919 S.W.2d 370, 389 (Tex.Crim.App. 1996) (The 6th amendment guarantees criminal defendants a verdict by an impartial jury. The bias or prejudice of even a single juror is enough to violate that quarantee. Accordingly, the presence of a biased juror cannot be harmless. The error requires a new trial without a showing of actual prejudice)

3. THE COURT FINDS, based upon Mr. Swindell's own admission, he explained to veniremembers, DUGGAN and SHARP that the state was required to prove each and every element of the charged offense beyond a reasonable doubt, however, both jurors stated they would still find applicant guilty on the lesser burden of proof, by "clear and convincing evidence."

4. THE COURT FINDS, based upon Mr. Swindell's own admission, he was required to challenge for causes and/or strike Mr. DUGGAN and Ms. SHARP, but failed to do so, even after both jurors expressed their opinions or beliefs, preventing and/or substantially impairing them from carring out their oaths and instructions in accordance with the law.

5. THE COURT FINDS, for the above stated reason, Mr. Swindell rendered ineffective assistance and prejudice is presumed. Thus, a new trial should be granted.

6. Deficient representation, alone, does not constitute ineffective assistance of counsel under STRICKLAND, supra., and to prevail an applicant must also demonstrate prejudice by showing a reasonable probability that, but for counsel's errors, the result of the trial proceedings would have been different.

10.

7. To prevail on a post-conviction writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, not only that his trial counsel's performance was deficient, but that there is a reasonable probability that the outcome of the trial and/or appellate proceeding would have been different had trial counsel's performance not been deficient. **EX PARTE CHANDLER**, 182 S.W.3d 350, 353 (Tex.Crim.App. 2005).

8. Applicant has clearly shown deficient and prejudicial performance based on the following ineffective assistance of trial and/or appellate counsel:

a. Trial counsel failed to challenge for cause and/or strike veniremembers, DUGGAN, SHARP, and THAXTON, who revealed bias/ prejudice against applicant and/or towards the State's required burden of proof, which the defense is entitled to rely upon;

b. Trial counsel failed to ask proper questions during voir dire to determine use of peremptory challenges upon bias/ prejudicial, incapable and/or unfit veniremembers;

c. Trial counsel failed to make a timely and proper objection to inadmissible extraneous offense statement made by a state witness, Ms. Donna Garcia;

d. Trial counsel failed to allow applicant to testify on his own behalf, despite applicant's request to do so;

11.

e. Trial counsel failed to investigate and/or interview witnesses for defense and/or mitigating purposes;

f. Appellate counsel failed to timely file a meaningful motion for new trial.

9. THE COURT FINDS, applicant has clearly shown, based upon the record of this court, that trial and/or appellate counsel were not engaged in reasonable trial strategy by the findings of the court stated above.

10. THE COURT FINDS and RECOMMENDS, applicant was denied his 6th and 14th amendment right to effective assistance of counsel and that his conviction was unlawfully obtained. For the above and foregoing reasons, applicant should be released into the custody of Randall County, Texas, Sheriff Department to answer the allegations of the charged offense, either by a new trial, or an order of acquittal due to his actual innocence claim.

**THEREFORE IT IS THE ORDER OF THIS COURT THAT:**

a. The Clerk of the Court certify all pleadings and affidavits and supporting transcripts filed in this matter and prepare a record for forwarding to the Clerk of the Court of Criminal Appeals;

b. That the Official Court Reporter of the Court prepare a record of the proceedings in this matter for forwarding to the Clerk of the Court of Criminal Appeals, and

c. That the preparation of these matters be at county expense.

12.

It is considered recommendation of this court that applicant's request for relief be in all things GRANTED.

Signed on this_____day of_____, 2015.


_____

Presiding Judge

251st District Court

Randall County, Texas.

13.